**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO. 2:25-cr-127** |
| **v.** | * | |
| | * | |
| **ARMANDO FOX, JR.,** | * | **JUDGE WATSON** |
| | * | |
| **Defendant** | * | |
| | * | |
| | * | |
| | ****** | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF GUAM**

Defendant Fox's arguments for transferring venue to the District of Guam are both legally

and factually unsupported.  Venue over his extraterritorial crime is both proper and most sensible

in the Southern District of Ohio, and this Court should deny his motion to transfer.

**ARGUMENT**

I.    **Binding Precedent Affirms that Venue Is Proper in This District Under 18
U.S.C. § 3238**

It is undisputed that 18 U.S.C. § 3238 sets forth the appropriate venue for offenses, such as

the instant one, committed outside the United States.  *See* Def. Mot. at 4 (recognizing § 3238 as the

governing statute).  The Defendant, however, incorrectly looks solely to the *first* clause of the statute

(relying on where an offender is "arrested" or "first brought") to argue that "the proper venue is the

District of Guam."  *Id.* at 5.[1]  In so doing, the Defendant ignores the *second* clause, which is

operative here and provides for venue in the district of an offender's "last known residence" in the

United States when (as here) he is charged by indictment in that district:

---

[1] The Defendant does not go so far as to explicitly state that venue is *improper* in the Southern
District of Ohio, but that seems to be the implication of his argument, including by his describing
Guam as "the proper venue" rather than "a proper venue."

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, *an indictment* or information *may be filed in the district of the last known residence of the offender* or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238 (emphasis added).

The Sixth Circuit has considered precisely the fact pattern here—an offender indicted, while he is still outside the country, in the district of his last-known residence in the United States. Decisively, it held that, "if the indictment in question is filed *before* the offender is brought into this country, venue may be in the district of the offender's last known residence" in the United States. *United States v. Fraser*, 709 F.2d 1556, 1557-58 (6th Cir. 1983). The Defendant disregards this binding precedent, but this Court cannot.

Even were there not binding precedent from the Sixth Circuit, the out-of-circuit cases the Defendant cites are factually inapposite and unpersuasive. None deals with a defendant indicted for the charged crime *before* he was brought into the United States. *See United States v. Rudolph*, -- F.4th --, 2025 WL 2585858, at *5-6 (10th Cir. Sept. 8, 2025) (defendant arrested on a "superseding criminal complaint" upon his landing in Colorado, and an indictment was not returned until the next month); *United States v. Holmes*, 670 F.3d 586, 588-90 (4th Cir. 2012) (defendant not charged with any offenses at the time of his landing in Virginia); *United States v. Han*, 199 F. Supp. 3d 38, 40, 44 (D.D.C. 2016) (defendant brought to Hawaii without any charges pending, and not indicted until 6 months later); *United States v. Ghanem*, 993 F.3d 1113, 1117-18 (9th Cir. 2021) ("government had not yet brought" the "charge" in question at the time defendant "landed . . . in custody" in New York); *Chandler v. United States*, 171 F.2d 921, 927-28, 932-33 (1st Cir. 1948) (addressing older version of venue statute, and indictment at issue returned *after* defendant landed in the United States).

Moreover, when specifically addressing venue based on last-known residence, the Ninth Circuit followed the Sixth Circuit's *Fraser* holding for a defendant who is indicted before being brought into the country. *See United States v. Layton*, 855 F.2d 1388, 1410-1411 (9th Cir. 1988) (discussing § 3238's legislative history and purpose, and agreeing that "the two clauses of § 3238 should be read in the disjunctive—trial is proper in the district where the offender is first brought, *or* in the district of his last known residence [in the United States] if an indictment is filed there before the offender is first brought into any district").

In short, venue is proper in the Southern District of Ohio.

**II.      The Interests of Justice Are Not Served by Transferring This Case to Guam**

The Defendant's contention that "transferring this case to the District of Guam is in the best interest of justice," Def. Mot. at 5-6, is similarly faulty.  Federal Rule of Criminal Procedure 21(b) provides that a "court *may* transfer" venue "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."  Fed. R. Crim. P. 21(b) (emphasis added).  In ruling on such a motion, relevant factors may include:

> (1) the defendant's location; (2) the location of possible witnesses; (3) the location of events giving rise to the proceeding; (4) the location of relevant documents and records; (5) disruption of defendant's business unless the case is transferred; (6) the expense to the parties; (7) the location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

*United States v. Coffman*, 652 F. Supp. 3d 911, 920 (S.D. Ohio 2023) (citing, *inter alia*, *Platt v. Minnesota Mining & Manufacturing, Co.*, 376 U.S. 240, 243-44 (1964)).

Here, the only connection to Guam is that it is the first place in the United States that the Defendant touched down when being returned from Japan to the Southern District of Ohio after being arrested for his extraterritorial offense.  He is no longer in Guam, nor are his attorneys, the Government's attorneys, the Government's investigative team, any witnesses, or any evidence.  The fact that Guam is closer than Ohio to Japan is irrelevant here; neither the victim nor other civilian

3

Government witnesses are in Japan, and the prosecution team is based in the Southern District of Ohio and Washington, D.C.  Moreover, transferring this case to Guam—an island in the Pacific Ocean—would greatly inconvenience the Government and its witnesses (all of whom would need to travel to a remote destination outside the continental United States) and burden the District of Guam with a case that does not implicate any individuals or events in Guam.  *See generally Coffman*, 652 F. Supp. 3d at 920-21 (denying defendant's motion to transfer venue).

Nor would transferring the case to Guam better protect the Defendant's speedy trial rights. As an initial matter, the Defendant's assertion that "trial must begin by October 21, 2025, which is seventy (70) days from [his initial appearance on] August 12, 2025," Def. Mot. at 6, is incorrect. The Speedy Trial Act provides numerous exclusions of time from the 70-day speedy trial clock, including the following:

> (1) . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
> (F) delay resulting from transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date of an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
> . . .
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1) & (7).

Here, the Government made an oral motion for detention at the initial appearance, at which the Defendant appeared virtually from Japan, on August 12, 2025.  *See* ECF No. 7 (Minutes of Initial Appearance).  On August 13, 2025, the Defendant requested that his detention hearing occur once he returned to the Southern District of Ohio, and the Court ordered the Defendant's removal from Japan to the Southern District of Ohio, with the detention hearing to be set once he arrived in

4

this District.  ECF Nos. 17-18.  To date, the Defendant has not arrived in this District, and the motion for detention remains pending.  Accordingly, no time has run on the speedy trial clock.  *See, e.g., United States v. Kronk*, No. 2:22-cr-124, 2022 WL 3904062, at *1-2 (S.D. Ohio Aug. 30, 2022) (explaining that time was excluded from the time of the government's oral motion for detention, made when the defendant was in another district, through the time the motion was resolved with an in-person detention hearing in the Southern District of Ohio).

Additionally, the defendant filed a Motion for Discovery on August 13, 2025 (ECF No. 15), and his instant Motion to Change Venue on September 18, 2025 (ECF No. 20).  Time is also excluded until the Court disposes of these.  *See* 18 U.S.C. § 3161(h)(1)(D).

In any event, the Government understands that the Defendant has left Hawaii, is currently within the continental United States, and is expected to arrive in the Southern District of Ohio for his requested detention hearing soon.  To ask the Marshals to send the Defendant back to Guam would further delay proceedings and is unreasonable.

In sum, the interests of justice are not served by transferring this case to Guam, but rather by continuing in the Southern District of Ohio, the district where—among other things—the Defendant last resided in the United States.

## CONCLUSION

For the foregoing reasons, this Court should deny the Defendant's motion to transfer venue to the District of Guam.

Respectfully Submitted,

STEVEN GROCKI
Chief
Child Exploitation and Obscenity Section
U.S. Department of Justice

5

*/s/ Jessica L. Urban*
JESSICA L. URBAN (DC 1008742)
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice

DOMINICK S. GERACE II
United States Attorney

*/s/ Jennifer Rausch*
TYLER J. AAGARD (NC 54735)
JENNIFER M. RAUSCH (0075138)
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that I filed the above via CM/ECF on October 2, 2025, and in so doing caused a copy to be served via CM/ECF on counsel of record.

/s/ Jessica L. Urban
JESSICA L. URBAN (DC 1008742)
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice